**THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**TYLER DIVISION**

| | |
|---|---|
| BRIAN HOLLAND,                                  ) | **COMPLAINT** |
| )  | |
| Plaintiff,                          ) | |
| v.                                                        ) | Case No.: 6:21-cv-59 |
| )  | |
| MIDLAND FUNDING, LLC                 ) | |
| )  | |
| &                                                         ) | |
| )  | |
| MIDLAND CREDIT MANAGEMENT, INC.  ) | |
| )  | **JURY TRIAL DEMANDED** |
| )  | |
| )  | |
| Defendant.                       ) | |

**COMPLAINT AND JURY DEMAND**

COMES NOW, Plaintiff Brian Holland, by and through the undersigned counsel, and for his

Complaint against Defendants, Midland Funding, LLC ("MF") and Midland Credit Management, Inc.

("MCM" and together with MF, "Defendants") for violations under the Fair Debt Collection Practices

Act, 15 U.S.C. § 1692, et seq. ("FDCPA") and for violations under the Fair Credit Reporting Act, 15

U.S.C. § 1681 et seq. ("FCRA"), states as follows:

**JURISDICTION**

1.      This court has jurisdiction of the federal claim under 15 U.S.C. § 1692k(d).

2.      Venue is proper because the acts and transactions occurred here, Plaintiff resides here,

and Defendant transacts business here.

3.      Under 28 U.S. Code § 1391(b)(2) a civil action may be brought in a judicial district in

which a substantial part of the events or omissions giving rise to the claim occurred.

4.      Under 28 U.S. Code § 1391(d) when a defendant that is a corporation is subject to

personal jurisdiction at the time an action is commenced, such corporation shall be deemed to reside

in any district in that State within which its contacts would be sufficient to subject it to personal jurisdiction if that district were a separate state.

5.      Plaintiff resides in the city of Tyler, a part of Smith County, Texas 75703.

6.      The acts that occurred giving rise to this complaint occurred while Plaintiff was in the city of Tyler, a part of Smith County, Texas 75703, making this a proper venue under 28 U.S. Code § 1391(b)(2).

7.      Defendant MF, a Delaware corporation headquartered in San Diego, California practices as a debt collector throughout the country, including Texas.

8.      Defendant MF is registered to transact business in Texas and has a registered agent in the state.

9.      Defendant MF attempts to collect alleged debts throughout the state of Texas, including in Tyler city and Smith county.

10.      Defendant MCM, a Kansas corporation headquartered in San Diego, California practices as a debt collector throughout the country, including Texas.

11.      Defendant MCM is registered to transact business in Texas and has a registered agent in the state.

12.      Defendant MCM attempts to collect alleged debts throughout the state of Texas, including in Tyler city and Smith county.

13.      Defendants have actual knowledge of where Plaintiff resided, and by attempting to collect from Plaintiff, purposefully availed themselves to the jurisdiction in which Plaintiff resided.

14.      Defendants have sufficient minimum contacts with this venue as the alleged injuries caused to Plaintiff were caused while Plaintiff was in Tyler city and Smith county and Defendant attempts to collect alleged debts throughout the state of Texas.

15.     As Defendants knowingly attempted to collect on a debt allegedly incurred in Tyler, Texas and thus has sufficient minimum contacts with this venue, venue is additionally proper under 28 U.S. Code § 1391(b)(1).

## STANDING

16.     Plaintiff has a congressionally defined right to receive all communications from a debt collector free from any misrepresentations and false threats.

17.     Defendants' collection activities violated the FDCPA.

18.     Defendants' credit reporting and/or failure to properly dispute information violated the FCRA.

19.     Plaintiff has thus suffered an injury as a result of Defendants' conduct, giving rise to standing before this Court. Spokeo, Inc. v. Robins, 136 S. Ct. 1540, 1544 (2016), quoting Lujan v. Defenders of Wildlife, 504 U.S. 555, 580 (1992) (Congress has the power to define injuries and articulate chains of causation that will give rise to a case or controversy where none existed before.); Bellwood v. Dwivedi, 895 F. 2d 1521, 1526-27 (7th Cir. 1990) ("Congress can create new substantive rights, such as a right to be free from misrepresentations, and if that right is invaded the holder of the right can sue without running afoul of Article III, even if he incurs no other injury[.]").

20.     "Without the protections of the FDCPA, Congress determined, the '[e]xisting laws and procedures for redressing these injuries are inadequate to protect consumers.'" Lane v. Bayview Loan Servicing, LLC, No. 15 C 10446, 2016 WL 3671467, at *3 (N.D. Ill. July 11, 2016)(quoting 15 U.S.C. § 1692(b)). Thus, a failure to honor a consumer's right under the FDCPA constitutes an injury in fact for Article III standing. See id. at *3 (holding that a consumer "has alleged a sufficiently concrete injury because he alleges that [Defendant] denied him the right to information due to him under the FDCPA."); see also Church v. Accretive Health, Inc., No. 15-15708, 2016 WL 3611543, at *3 (11th Cir. July 6, 2016) (holding that consumer's § 1692g claim was sufficiently concrete to satisfy

injury-in-fact requirement).

21.     "[E]ven though actual monetary harm is a sufficient condition to show concrete harm, it is not a necessary condition." Lane, 2016 WL 3671467 at *4.

## PARTIES

22.     Plaintiff, Brian Holland (hereafter "Plaintiff"), is a natural person currently residing in the state of Texas.

23.     Plaintiff is a "consumer" within the meaning of the FDCPA, 15 U.S.C. § 1692a(3).

24.     Plaintiff is a "consumer" as that term is defined by the FCRA, 15 U.S.C. §1681a(c).

25.     Defendant MF is a Delaware company engaged in the business of collecting and buying debts, using mails and telephone in this state with its principal place of business located at 350 Camino De La Reina, Suite 300, San Diego, California 92108.

26.     MF is engaged in the business of a collection agency, using the mails, telephone, and consumer collection agencies to collect consumer debts originally owed to others.

27.     MF regularly collects or attempts to collect defaulted consumer debts due or asserted to be due another, and is a "debt collector" as defined in 15 U.S.C. § 1692a(6) of the FDCPA.

28.     Defendant MF is a "furnisher of information" as that term is defined by the FCRA, 15 U.S.C. §1681s-2(b).

29.     Defendant MCM is a Kansas company engaged in the business of collecting debts, using mail and telephone in this state with its principal place of business located at 350 Camino De La Reina, Suite 300, San Diego, California 92108.

30.     MCM is engaged in the business of a collection agency, using the mails, telephone, and consumer collection agencies to collect consumer debts originally owed to others.

31.     MCM regularly collects or attempts to collect defaulted consumer debts due or asserted to be due another, and is a "debt collector" as defined in 15 U.S.C. § 1692a(6) of the FDCPA.

32.     Defendant MCM is a "furnisher of information" as that term is defined by the FCRA, 15 U.S.C. §1681s-2(b).

33.     Trans Union, LLC is a "consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" as defined by 15 U.S.C. § 1681a(p). Trans Union, LLC regularly engages in the business of compiling and maintaining files on consumers on a nationwide basis for the purpose of furnishing consumer reports to third parties bearing on a consumer's credit worthiness, credit standing, or credit capacity, each of the following regarding consumers residing nationwide:

> a. Public record information;
>
> b. Credit account information from persons who furnish that information regularly and in the ordinary course of business.

## FACTUAL ALLEGATIONS

34.     Plaintiff is a natural person allegedly obligated to pay a debt asserted to be owed to a creditor other than Defendants.

35.     Upon information and belief, on a date better known by Defendants, MCM began to attempt to collect an alleged consumer debt from the Plaintiff.

36.     On or about July 1, 2020, Plaintiff had a telephone conversation with Defendant regarding an alleged debt allegedly owed by Plaintiff.

37.     The alleged debt was said to be owed for a personal credit card and therefore would only have been used for personal or family purposes.

38.     The alleged debt was primarily for personal, family or household purposes and is therefore a "debt" as defined by 15 U.S.C. § 1692a(5).

39.     The telephone call is a "communication" as defined by 15 U.S.C. § 1692a(2).

40.     During the telephone call, Plaintiff informed MCM's representative that he did not agree with the alleged debt.

41.     The representative, rather than accepting this and marking the account as disputed, began to ask questions of Plaintiff.

42.     At that time, Defendant MCM's representative did not accept the dispute.

43.     Plaintiff again explained that the amount allegedly owed was incorrect.

44.     Defendant MCM's representative again ignored this, this time in favor of attempting to coerce Plaintiff into paying on the alleged debt.

45.     Defendant MCM's representative could have no other purpose in making this offer unless he were trying to force Plaintiff to pay on an alleged debt that Plaintiff clearly did not believe he owed and would not have otherwise paid.

46.     Defendant MCM's representative attempted to confiscate the dispute process and tried to stymie Plaintiff's attempts to exercise his rights under the FDCPA.

47.     Defendant's representative knew, or should have known, that Plaintiff was disputing the alleged debt.

48.     Once Plaintiff disputed the debt, Defendant was required to mark the account as disputed if it chose to voluntarily report to the Credit Reporting Agencies, specifically Trans Union, LLC.

49.     MCM was voluntarily reporting a collection account on Plaintiff's credit report with the credit reporting agencies.

50.     MCM's voluntary reporting to the credit reporting agencies is a "communication" under the FDCPA in connection with the collection of an alleged debt.

51.     On or about August 31, 2020, Plaintiff received an updated credit file from Trans Union, LLC. **Exhibit A.**

52.     That the credit report was updated on August 25, 2020 by MCM.

53.     That the updated August 2020 credit report did not contain updated account information.

54.     That the updated August 2020 credit report did not contain updated marked as disputed information.

55.     That MCM furnished information to Trans Union, LLC regarding Plaintiff's account without notifying them the account had been disputed by consumer.

56.     That MCM failed to update the account information and mark the account as disputed on the updated August 2020 credit report after Plaintiff disputed the account in July 2020.

57.     Upon information and belief, that MCM never updated the account information and never marked it as disputed even after receiving information of the dispute.

58.     All of MCM's actions under the FDCPA complained of herein occurred within one year of the date of this Complaint.

59.     All of MCM's actions under the FCRA complained of herein occurred within two years of the date of this Complaint.

60.     Plaintiff suffered injury-in-fact by being subjected to inaccurate, unfair, and abusive practices of the MCM.

61.     Plaintiff suffered actual harm by being the target of inaccurate credit reporting and/or misleading debt collection communications by MCM.

62.     Plaintiff has suffered actual harm due to credit denials caused by false credit reporting by MCM.

63.     Plaintiff has suffered actual harm based on his costs and time of repairing his credit, pain and suffering, embarrassment, inconvenience, lost economic opportunity, loss of incidental time, frustration, emotional distress, mental anguish, fear of personal and financial safety and security, and attorney's fees.

64.     Defendants' action has created an appreciable risk of harm to the underlying concrete interests that Congress sought to protect in creating the FDCPA.

65.     Plaintiff would have pursued a different course of action had Defendants not violated the statutory protections created by Congress.

66.     Plaintiff attempted to pursue his right yet was left with no actual knowledge as to how to proceed based on Defendants' actions.

67.     Defendants' denial of Plaintiff's rights caused harm in the form of impaired credit, no plausible way of ascertaining the status of his debt in order to make a rational determination as to how to proceed and forcing him to make financial decisions based on misinformation and engage in financial planning based on incorrect facts.

68.     Plaintiff's injury-in-fact is fairly traceable to the challenged representations of Defendants.

69.     Plaintiff's injury-in-fact is likely to be redressed by a favorable decision in this Court.

70.     Defendant MF exercised control over Defendant MCM's conduct and attempts to collect the alleged debt. See Pollice v. National Tax Funding, L.P., 225 F.3d 379, 404 (3d Cir. 2000); Okyere v. Palisades Collection, LLC, 961 F. Supp. 2d 508 (S.D.N.Y. 2013); See also, e.g., Plummer, 66 F. Supp. 3d at 493; Fritz v. Resurgent Cap. Servs., LP, 955 F. Supp. 2d 163, 177 (S.D.N.Y. 2013).[6]; Clark v. Capital Credit & Collection Services, Inc., 460 F.3d 1162, 1173 (9th Cir. 2006); Bodur v. Palisades Collection, LLC, 829 F. Supp. 2d 246, 259 (S.D.N.Y. 2011). See also, e.g., Nichols v. Niagara Credit Recovery, Inc., No. 12-cv-1068, 2013 WL 1899947, at *5 (N.D.N.Y. May 7, 2013); Sanchez v. Abderrahman, No. 10 Civ. 3641, 2013 WL 8170157, at *6 (E.D.N.Y. July 24, 2013).

71.     Defendant MF is vicariously liable for Defendant MCM's actions as they had agency over determining the amount of the alleged debt that the debt collector, Defendant MCM, was allowed to attempt to collect on their behalf.

72.     Defendant MCM would not legally be allowed to collect the alleged debt on behalf of MF if Defendant MF had not in fact given them approval or agency to act on their behalf to collect in a manner MF had knowingly approved or permitted.

73.     Upon information and belief, Defendant MF gave Defendant MCM the green light, and thus agency, to attempt to collect the alleged debt in the manner in which MCM did.

**Count I: Violations Of § 1692e Of The FDCPA – False, Deceptive, Or Misleading Collection Actions**

74.     Plaintiff incorporates by reference all other paragraphs of this Petition as if fully stated herein.

75.     Section 1692e of the FDCPA prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

76.     Because Plaintiff disputed the debt, Defendants, when choosing to contact the consumer reporting agencies, was obligated to inform them of the disputed status of the account. See Dixon v. RJM Acquisitions, L.L.C., 640 Fed. Appx. 793 (10th Cir. 2016) (Reversed summary judgment to the collection agency on the consumer's § 1692e(8) claim that after she had disputed a debt, the agency had nevertheless reported the debt without disclosing the disputed. The consumer created a genuine fact issue given that she said during the recorded conversation: "I feel that all I owe is $20." A reasonable fact finder could treat the statement as a dispute of the alleged $102.99 debt.); Llewellyn v. Allstate Home Loans, Inc., 711 F.3d 1173 (10th Cir. 2013) "(We agree with the Eighth Circuit's interpretation of § 1692e(8) that a debt collector does not have an affirmative duty to notify [credit reporting agencies] that a consumer disputes the debt unless the debt collector knows of the dispute and elects to report to a CRA.")

77.     Defendants used deceptive and misleading tactics when they communicated personal credit information which was known or which should have been known to be false, including the failure to communicate the debt was disputed in violation of 15 U.S.C. §§ 1692e, 1692e(8). See Sayles

v. Advanced Recovery Systems, Incorporated, 865 F.3d 246, 249 (5th Cir. 2017); Brady v. Credit

Recovery Co., 160 F.3d 64 (1st Cir. 1998) (The plain language of the FDCPA requires debt collectors

to communicate the disputed status of a debt if the debt collector knows or should know that the debt

is disputed. This standard requires no notification by the consumer but depends on the debt collector's

knowledge that a debt is disputed, regardless of how or when that knowledge is required.)

78.     Defendants' collection communications are to be interpreted under the "least

sophisticated consumer" standard. See, Goswami v. Am. Collections Enter., Inc., 377 F.3d 488, 495

(5th Cir. 2004); Taylor v. Perrin, Landry, deLaunay & Durand, 103 F.3d 1232, 1236 (5th Cir.1997)

(When deciding whether a debt collection letter violates the FDCPA, this court "must evaluate any

potential deception in the letter under an unsophisticated or least sophisticated consumer standard.)

See Also, Goswami, 377 F.3d at 495. (We must "assume that the plaintiff-debtor is neither shrewd

nor experienced in dealing with creditors.")

79.     Defendants violated the Plaintiff's right not to be the target of misleading debt

collection communications.

80.     Defendants violated the Plaintiff's right to a truthful and fair debt collection process.

81.     Defendants' communications with Plaintiff were deceptive and misleading.

82.     Defendants used unfair and unconscionable means to attempt to collect the alleged

debt.

83.     Defendants' communications were designed to cause the debtor to suffer a harmful

disadvantage in charting a course of action in response to Defendants' collection efforts.

84.     Defendants' failure to mark a debt as disputed it knows or should know is disputed

violates § 1692e, 1692e(8) of the FDCPA.

85.     Defendants' conduct has caused Plaintiff to suffer damages including but not limited to a damaged credit score, the loss of time incurred by Plaintiff, and attorneys' fees paid for advice regarding his situation.

86.     Congress has found that "[a]busive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. § 1692(a).

87.     Here, Plaintiff has suffered an injury-in-fact in at least one of the manners contemplated by Congress when it passed the FDCPA because of Defendants' conduct.

88.     The FDCPA ensures that consumers are fully and truthfully apprised of the facts and of their rights, the act enables them to understand, make informed decisions about, and participate fully and meaningfully in the debt collection process. The purpose of the FDCPA is to provide information that helps consumers to choose intelligently. Defendants' false representations misled the Plaintiff in a manner that deprived him of his right to enjoy these benefits; these materially misleading statements trigger liability under section 1692e of the Act.

89.     Plaintiff seeks to end these violations of the FDCPA. Plaintiff has suffered actual damages including but not limited to, fear, stress, mental anguish, emotional stress and acute embarrassment.

90.     Defendants' violation of § 1692e of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, Brian Holland, prays that this Court:

A.     Declare that Defendants' debt collection actions violate the FDCPA;

B.     Enter judgment in favor of Plaintiff Brian Holland, and against Defendants, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and

C.     Grant other such further relief as deemed just and proper.

### Count II: Violations Of § 1692d Of The FDCPA – Harassment or Abuse, False or Misleading Representation

91.     Plaintiff incorporates by reference all other paragraphs of this Petition as if fully stated herein.

92.     Section 1692d prohibits any debt collector from engaging in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

93.     Defendants' communications with Plaintiff were meant to shame, embarrass, and harass Plaintiff by misrepresenting the alleged debts status.

94.     Defendants' violation of § 1692d of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Brian Holland, prays that this Court:

A.     Declare that Defendants' debt collection actions violate the FDCPA;

B.     Enter judgment in favor of Plaintiff Brian Holland, and against Defendants' for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and

C.     Grant other such further relief as deemed just and proper.

### Count III: Violations Of § 1692f Of The FDCPA – Unfair Practices

95.     Plaintiff incorporates by reference all other paragraphs of this Petition as if fully stated herein.

96.     Section 1692f prohibits the use of unfair and unconscionable means to collect a debt.

97.     Defendants' communications with Plaintiff were deceptive and misleading.

98.     Defendants' used unfair and unconscionable means to attempt to collect the alleged debt.

99.     Defendants' violation of § 1692f of the FDCPA renders them liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Brian Holland, prays that this Court:

D.     Declare that Defendants' debt collection actions violate the FDCPA;

E.     Enter judgment in favor of Plaintiff Brian Holland, and against Defendants, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and

F.     Grant other such further relief as deemed just and proper.

## Count IV: Violation Of 15 U.S.C. § 1681s-2(B)(1) of the FCRA- Duties of Furnishers of Information upon Notice of Dispute

100.     Plaintiff incorporates by reference all other paragraphs of this Petition as if fully stated herein.

101.     Defendants violated 15 U.S.C. § 1681s-2(b)(1)(C) in that they failed to report the notation of the disputed information to the consumer reporting agencies.

102.     Defendants violated 15 U.S.C. § 1681s-2(b)(1)(D) in that they failed to report to Trans Union, LLC that the information was being disputed.

103.     Defendants violated 15 U.S.C. § 1681s-2(b)(1)(E) in that they failed to appropriately modify, delete, or permanently block the reporting of the item information.

104.     Defendants caused injury in fact, by causing, credit denials caused by false credit reporting, damage to credit reputation, costs and time of repairing his credit, pain and suffering,

embarrassment, inconvenience, lost economic opportunity, loss of incidental time, frustration, emotional distress, mental anguish, fear of personal and financial safety and security, and attorney's fees.

105.    Defendants have done so willfully, or in the alternative, negligently.

106.    Plaintiffs are entitled to actual damages, punitive damages, attorney's fees and costs pursuant 15 U.S.C. § 1681n for Defendants' willful violation.

107.    Alternatively, Plaintiff is entitled to actual damages, attorney's fees and costs if the violation is negligent, pursuant to 15 U.S.C. §1681o for Defendants' negligent violation.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Brian Holland, prays that this Court:

A.    Declare that Defendants' credit reporting actions violate the FCRA;

B.    Enter judgment in favor of Plaintiff Brian Holland, and against Defendants, for actual damages, punitive damages, costs, and reasonable attorneys' fees as provided by §1681n of the FCRA; and

C.    Grant other such further relief as deemed just and proper.

## JURY DEMAND

108.    Plaintiff demands a trial by jury on all Counts so triable.


Dated: February 8, 2021

Respectfully Submitted,

**HALVORSEN KLOTE**

By:     /s/ Samantha J. Orlowski

Samantha J. Orlowski, #72058
Joel S. Halvorsen, #67032
Halvorsen Klote
680 Craig Road, Suite 104
St. Louis, MO  63141
P: (314) 451-1314
F: (314) 787-4323
sam@hklawstl.com
joel@hklawstl.com
*Attorney for Plaintiff*